IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FOR SMITH DIVISION

DORA M. GRIGSBY                                                                    PLAINTIFF

V.                          Civil No. 2:19-cv-02078-PKH-MEF

ANDREW M. SAUL[1], Commissioner,
Social Security Administration                                                     DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Dora Grigsby, brings this action under 42 U.S.C. § 405(g), seeking judicial review

of a decision of the Commissioner of Social Security Administration ("Commissioner") denying

her claims for a period of disability and disability insurance benefits ("DIB") under Title II of the

Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the

Court must determine whether there is substantial evidence in the administrative record to support

the Commissioner's decision.  42 U.S.C. § 405(g).

## I.      Procedural Background

Plaintiff protectively filed her application for DIB on March 17, 2017, alleging an onset

date of August 1, 2015, due to a nonmalignant tumor on the left foot, pain in the feet, bilateral arm

weakness, cervical and back pain, bilateral shoulder pain, sleep problems, anxiety, and attention

deficit hyperactivity disorder ("ADHD").  (ECF No. 10, pp. 93, 86-189).  The Administrative Law

---

[1] On June 4, 2019, the Senate confirmed Andrew M. Saul as the Commissioner of the Social Security Administration,
replacing acting Commissioner, Nancy A. Berryhill.

Judge ("ALJ") held an administrative hearing on April 24, 2018. (*Id*. at 52-88). Plaintiff was present and represented by counsel.

Plaintiff was 56 years old on her alleged date of onset, which is classified as an individual of advanced age. (*Id*. at 92). Records indicate she had past relevant work ("PRW") experience as a licensed practical nurse ("LPN"). (*Id*. at 210-211, 229-230).

On January 2, 2019, the ALJ found Plaintiff's dysfunction of her major joints, spine disorders, hyperlipidemia, and essential hypertension to be severe impairments. (*Id*. at 25). He concluded Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. As such, the ALJ found Plaintiff capable of performing medium work requiring only occasional climbing and overhead reaching and frequent handling and use of foot controls. (*Id*. at 27). With the assistance of a vocational expert, the ALJ determined Plaintiff could perform her PRW as an LPN. (*Id*. at 34).

Both parties have now filed appeal briefs (ECF Nos. 13, 15), and this matter is ready for Report and Recommendation.

## II.    Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial

evidence exists in the record to support a contrary outcome, or because the Court would decide the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity ("RFC"). *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

### III.   Discussion

Plaintiff raises the following issues on appeal: (1) whether the ALJ properly developed the record; (2) whether the ALJ properly evaluated her upper extremity and mental impairments at step two; (3) whether the ALJ conducted a proper credibility analysis; (4) whether the ALJ's RFC determination is supported by substantial evidence; and, (5) whether the ALJ relied on vocational expert testimony that conflicted with the Dictionary of Occupational Titles ("DOT").  Of particular concern to the undersigned is the Plaintiff's fifth issue.

Plaintiff insists that the ALJ improperly relied upon the testimony of the vocational expert ("VE") because it contradicted the DOT.  If there is an "apparent unresolved conflict" between VE testimony and the DOT, the ALJ must "elicit a reasonable explanation for the conflict" and "resolve the conflict" by determining if the explanation provided by the VE provides a basis for relying on the VE's testimony rather than on the DOT.  SSR 00–4p, 2000 WL 1898704, at *2–4 (Dec. 4, 2000).  The ALJ is not absolved of this duty merely because the VE indicates that his testimony is consistent with the DOT.  *Moore v. Colvin*, 769 F.3d 987, 989 (8th Cir. 2014). "Absent adequate rebuttal, however, VE testimony that conflicts with the DOT 'does not constitute substantial evidence upon which the Commissioner may rely to meet the burden of proving the existence of other jobs in the economy a claimant can perform.'"  *Id.*  (quoting *Kemp*, 743 F.3d at 632).

Among other restrictions, the ALJ limited the Plaintiff to occasional reaching overhead bilaterally and concluded she could return to her past relevant work as a licensed practical nurse, as that job is generally performed.  (ECF No 10, p. 27, 34).  According to the DOT, however, the position of licensed practical nurse requires frequent reaching, as do the light work positions identified by the VE in response to additional hypothetical questions posed by the ALJ.

4

DICTIONARY OF OCCUPATIONAL TITLES, 079.374-014, 1991 WL 646863 (1991). In his opinion,

the ALJ states that the VE testified that overhead reaching was not covered by the DOT, and that

his opinion was based on "how that occupation was performed within the context of the DOT and

his understanding as to how the work was generally performed." (*Id.*, p. 34). Contrary to the VE's

contention, the DOT does cover reaching, it just does not provide directional specifications. *See*

*Moore*, 769 F.3d 989. Further, the VE's testimony is not as clear-cut as the ALJ would lead us to

believe.

At the administrative hearing, the following exchanges occurred:

ALJ:    Hypothetical number one. Assume an individual with the same age, education and work experience as that of the claimant who has the residual functional capacity as follows. Able to lift and/or carry 50 pounds occasionally, lift and/or carry 25 pounds frequently, stand and/or walk six hours out of an eight hour work day with normal breaks, sit six hours out of an eight hour work day with normal breaks, push and pull limitations pursuant to lift, carry limitations, able to climb ramps and stairs occasionally, overhead reach on a bilateral basis would be occasional, foot control operation on a bilateral basis would be frequent. Could an individual with these limitations perform claimant's past work as it was actually performed, as it was customarily performed pursuant to the Dictionary of Occupational Titles?

VE:     Claimant's past relevant work as a licensed practical nurse would be permissible under that hypothetical.

ALJ:    Hypothetical number two….
(ECF No. 10, p. 83).

ALJ:    And I used an overhead reach limitation in the hypotheticals. That isn't covered by the Dictionary of Occupational Titles so how did you assess that in your analysis?

VE      By review of the explanation of each occupation which I have provided. It is performed within the context within the Dictionary of Occupational Titles and my understanding of how light work is normally performed.

ALJ:    And has your testimony today been in accordance of [sic] the Dictionary of Occupational Titles, your companion publications and your professional experience?

VE:     Yes, Your Honor.

5

ALJ:    Thank you.

        Counsel, questions for our vocational expert?

ATTY: None, Your Honor.
(ECF No. 10, p. 87).

From these exchanges, it appears the VE's testimony, with regard to overhead reaching, actually refers to the light positions he identified. And, the ALJ failed to follow-up with a specific question regarding the nursing position. If the nursing position were categorized as light work, this would not be problematic. Unfortunately, it is characterized as medium work. Even applying a common-sense definition, nursing requires tasks that could easily involve a greater degree of overhead reaching than the light work positions identified by the VE. Therefore, the undersigned finds that remand is necessary to allow the ALJ to recall the vocational expert to elicit further testimony regarding the apparent conflict between his testimony and the DOT.

On remand, the ALJ should also obtain a mental consultative exam to develop the record with regard to the Plaintiff's mental impairments. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (ALJ does have a duty to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts). Plaintiff has been diagnosed with anxiety disorder, depressive disorder, and personality disorder not otherwise specified. Her treating counselor has submitted a Medical Source Statement indicating that she has no useful ability to perform the following activities on a sustained basis: complete a normal workday and workweek without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods; function independently; behave in an emotionally stable manner; relate predictably in social situations; and, work without deterioration or decompensation causing the individual to withdraw from situations or to experience an exacerbation of symptoms or adaptive behaviors. (ECF No. 10, pp. 432-433). The record also

contains treatment notes documenting ongoing psychotherapy for these diagnoses.  (*Id*. at 391-393, 406-418, 422-424, 434-439).  However, the mental RFC assessments prepared by the agency consultants predate the Plaintiff's therapy records and the Medical Source Statement.  (*Id*. at 97-99, 112-113).  Therefore, a consultative mental examination is needed to further develop the record in this case.

## IV.    Conclusion

Based on the foregoing, I recommend reversing and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of June 2020.

/s/ Mark E. Ford

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE