IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DORA M. GRIGSBY                                                                                    PLAINTIFF

v.                                         CIVIL NO. 2:19-cv-2078

ANDREW M. SAUL, Commissioner,
Social Security Administration                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF Nos. 19, 20). The Defendant has filed a response and the matter is now ripe for resolution. (ECF No. 21).

On July 19, 2020, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $5,250.50 representing a total of 23.10 attorney hours for work performed in 2019 at an hourly rate of $198.00 and 3.35 attorney hours at an hourly rate of $202.00 for work performed in 2020. (ECF No. 19-1). On July 30, 2020, the Defendant filed a response objecting to Plaintiff's request for 3.75 attorney hours for work performed prior to filing of the complaint. (ECF No. 21). The Defendant argues that because Plaintiff's counsel represented the Plaintiff at the administrative level, Plaintiff is not entitled to this time.

After reviewing the Plaintiff's motion and the Defendant's response, it is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case. The record clearly shows that she is the prevailing party; the government's decision to deny benefits was not "substantially justified"; the hourly rate requested for attorney hours does not exceed the CPI for either year in question; and, the time asserted to have been spent in the representation of the Plaintiff before the

district court is reasonable with a reduction in hours as indicated below. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).

      The Commissioner argues that the Plaintiff is not entitled to all the attorney hours she has requested for work performed prior to the filing of the Complaint. However, an attorney is expected to be familiar with her case prior to filing a complaint in federal court. Even if she has represented the client at the administrative level, this will require her to review notes from the administrative proceedings, communicate with her client regarding the appellate process, determine whether her client is a candidate for in forma pauperis, and prepare the complaint for filing with the court. The Court notes that the Plaintiff is requesting a total of 5.75 attorney hours for work performed between May 2, 2019, and June 24, 2019. The Complaint was filed on June 25, 2019. We do find this time to be excessive, given that the transcript in this case is less than 500 pages. Therefore, we will award a total of 2.00 hours for work performed prior to the filing of the transcript, reducing the total award by 3.75 hours in 2019. Accordingly, Plaintiff is entitled to a total of 19.35 attorney hours for work performed in 2019 and 3.35 attorney hours for work performed in 2020 for a total EAJA award in the amount of $4,508.00.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff.  As a matter of practice, however, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Accordingly, the Plaintiff is awarded the sum of **$4,508.00** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 26th day of August, 2020.

/s/ P. K. Holmes III
P. K. HOLMES, III
U.S. DISTRICT JUDGE